**Ronald VAN POOL, Plaintiff–Appellee,**

v.

**CITY AND COUNTY OF SAN FRANCISCO, San Francisco Fire Department, et al., Defendants–Appellants.**

No. 06–16853.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2008.*

Filed May 22, 2008.

Sylvia Courtney, Esq., Vincent J. Courtney, Jr., Esq., Courtney Law Offices, for Plaintiff–Appellee.

Lawrence Hecimovich, Esq., San Francisco City Attorney's Office, San Francisco, CA, for Defendants–Appellants.

Before: O'SCANNLAIN and HAWKINS, Circuit Judges, and SELNA,** District Judge.

MEMORANDUM ***

Plaintiff–Appellant Ronald Van Pool ("Van Pool") appeals the district court's grant of summary judgment in favor of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Defendants City and County of San Francisco *et al.* (collectively "SFFD") on his claims for disability discrimination in violation of 42 U.S.C. § 12112 and Cal. Gov. Code § 12940(a). Van Pool challenges the district court's finding that the evidence presented was insufficient to create a genuine issue of material fact regarding whether the SFFD's nondiscriminatory reasons for failing to promote him were pretextual. We review the district court's grant of summary judgment de novo. *Covey v. Hollydale Mobilehome Estates,* 116 F.3d 830, 834 (9th Cir.1997).

Van Pool's claims are subject to the burden-shifting analysis of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). As the district court correctly found, Van Pool presented sufficient evidence to survive a motion for summary judgment on his prima facie discrimination case based on the SFFD's failure to promote him to the H–28 training division position and the H–30 captain position in the Investigative Services Bureau. *See Chuang v. Univ. of Cal. Davis,* 225 F.3d 1115, 1123 (9th Cir. 2000). The SFFD met its burden of articulating a legitimate, nondiscriminatory reason for its failure to promote Van Pool when it demonstrated that each of the candidates who were offered these positions had qualifications plaintiff lacked, such as recent field experience, additional training and specialized experience relevant to the positions' demands. *See id.* 1123–24.

Van Pool failed to put forward sufficient evidence to demonstrate that a jury could reasonably find that these proffered reasons were a pretext for discriminatory motivation. In order to demonstrate pretext, Van Pool was required to show either: (1) that the alleged reason for the SFFD's failure to promote him was false; or (2) that the true reason for its failure to promote him was discriminatory. *Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 918 (1996). Van Pool's argument that other employees with lesser "qualifications" were promoted over him is not supported by the record, even viewed in the light most favorable to Van Pool, and therefore fails to refute the SFFD's nondiscriminatory justification. None of Van Pool's other evidence contradicts the SFFD's showing that the individuals who were promoted over Van Pool had desirable experience and qualifications Van Pool lacked.[1]

Accordingly, the district court properly awarded summary judgment to the SFFD on both Van Pool's discrimination claims.

**AFFIRMED.**

---

1. Van Pool argues that he also had some qualifications that the individuals who were promoted did not possess. Even if true, this argument would not refute the claim that those individuals also had experience and qualifications Van Pool did not.

